## APPEALS OF HERBERT J. GERST ET AL.[1]

Docket Nos. 3879, 3888, 5365, 5366, 5367.

Decided July 31, 1926.

Deductions for exhaustion, wear and tear of machinery and equipment, and the profit upon the sale of real estate determined from the evidence.

*D. N. Burnham, C. P. A.*, for the petitioners.
*B. G. Simpich, Esq.*, for the Commissioner.

Before LITTLETON, SMITH, and TRUSSELL.

These appeals involve determinations of deficiencies in income tax in the amount of $1,189.92 for the years 1919, 1920, and 1921 as to

---

Herbert J. Gerst, a deficiency of $1,001.07 for the years 1919 and 1920 and an overassessment of $27 for the year 1921 as to Maurice G. Long, and a deficiency of $3,177.28 for the years 1920 and 1921 as to the estate of Albert Gerst.

### FINDINGS OF FACT.

During the years 1919 to 1921, inclusive, Albert Gerst, who died October 27, 1924, Maurice G. Long, and Herbert J. Gerst were partners doing business under the firm name of Gerst & Long, operating the Crystal Laundry at Norfolk, Va., in which their interests were 50 per cent, 35 per cent, and 15 per cent, respectively.

A portion of the deficiencies is predicated upon the refusal of the Commissioner to allow this partnership to deduct the amount claimed for exhaustion, wear and tear, and obsolescence of laundry machinery and equipment and a motor boat. These individuals were also partners during the years 1920 and 1921 in the purchase and sale of certain real estate in the City of Norfolk, Va., under the firm name of Gerst, Long & Gerst, in which each had a one-third interest, and the deficiencies for 1920 were predicated in part upon the profit determined by the Commissioner to have been received upon the sale on January 10, 1920, of certain real estate in Norfolk, designated as the Nixdorff property.

In addition; Albert Gerst was a partner with one A. S. Rosenkrans in the sale of certain real property, designated as 26th & Granby Streets, Norfolk, in which he had a one-third interest, and 14th & Granby Streets, Norfolk, in which he had a one-half interest, and the deficiency asserted against him for the year 1920 is predicated in part upon these profits.

From 1902 until June, 1918, one A. S. Rosenkrans was engaged in the operation of the Crystal Laundry in Norfolk, Va. During this period certain of the machinery and equipment was replaced. On the last-mentioned date this laundry was purchased and thereafter operated by the partners of Gerst & Long, composed of the individuals hereinbefore mentioned. At that time approximately 75 per cent of the machinery was considerably worn and in a bad state of repair. Approximately all of the machinery had once been replaced by Rosenkrans during the period of his operations. During the years 1919 to 1921, inclusive, the laundry was operated twelve hours instead of the usual period of ten hours a day. Certain of the machinery was replaced during this period, partly with new machinery and partly with old machinery from other plants. The cost of the machinery, plus additions, as determined by the Commissioner and agreed to by the taxpayers, was $23,240.33 at December, 1919, $23,415.33 at December, 1920, and $23,476.90 at December, 1921. The Commissioner computed the deduction for

exhaustion, wear and tear for the years upon the basis of 10 per cent.

During the taxable years the partnership owned certain delivery equipment, consisting of Dodge, Ford, and other automobiles, and wagons, the cost of which, plus the cost of additions, was $3,005.25 in 1919, $5,342.95 in 1920, and $8,299.55 in 1921. The Commissioner computed the deduction for exhaustion, wear and tear of this equipment upon the basis of 25 per cent.

In July, 1920, the partnership purchased a motor boat and in-stalled therein a new motor at a total cost of $2,946.05. This boat was used in calling for and delivering laundry to ships lying in the harbor, from the date of purchase until the latter part of 1923. It was sold in 1925 for approximately $200. The Commissioner computed the deduction for exhaustion, wear and tear of this boat upon the basis of 10 per cent.

In 1919 the partnership of Gerst, Long & Gerst purchased certain real estate in the City of Norfolk, designated as the Nixdorff property, for the following consideration:

| | |
|---|---:|
| Cash | $15,000 |
| Assumption of deed of trust, 1 year | 10,000 |
| Assumption of deed of trust, 3 years | 37,500 |
| Assumption of deed of trust, 5 years | 37,500 |
| Total | 100,000 |

On January 10, 1920, the partnership sold this property to Creech, Hough, et al., for a total consideration of $125,000, made up of cash in the amount of $25,000, promissory notes paid May 31, 1920, $15,000, and the assumption of the above-mentioned trust notes which the sellers endorsed with recourse. The Commissioner determined a profit of $25,000 in the year 1920.

On November 14, 1919, Albert Gerst and others purchased certain real estate, designated as 26th & Granby Streets, Norfolk, for the following consideration:

| | |
|---|---:|
| Cash | $12,000.00 |
| Assumption of 1st deed of trust | 4,000.00 |
| Assumption of 2nd deed of trust | 38,834.38 |
| Assumption of miscellaneous charges against property | 201.16 |
| Total | 55,035.54 |

On January 1, 1920, this property was sold to one E. L. Simpson for the following consideration:

| | |
|---|---:|
| Cash | $15,000.00 |
| Gave 3rd deed of trust | 9,800.57 |
| Assumed 1st deed of trust | 4,000.00 |
| Assumed 2nd deed of trust | 38,834.38 |
| Assumed miscellaneous charges against property | 365.05 |
| Total | 68,000.00 |

Albert Gerst's interest in this property was one-third. The third trust note given by the purchaser had a market value of 40 per cent of its face value.

On May 31, 1919, Albert Gerst and others purchased certain real estate in Norfolk, designated as 14th and Granby Streets, for which the consideration was as follows:

| | |
|---|---:|
| Cash | $10, 034. 65 |
| Assumption of 1st deed of trust | 10, 000. 00 |
| Assumption of 2nd deed of trust | 11, 000. 00 |
| Assumption of 3rd deed of trust | 16, 360. 00 |
| Assumption of miscellaneous charges against property | 374. 86 |
| Total | 47, 769. 51 |

On January 1, 1920, Albert Gerst, who owned a one-half interest, and his associates sold this property to one D. Pender for a consideration of $59,251.40, made up as follows:

| | |
|---|---:|
| Cash | $6, 367. 00 |
| Assumption 1st deed of trust | 10, 000. 00 |
| Assumption 2nd deed of trust | 11, 000. 00 |
| Assumption 3rd deed of trust | 16, 360. 00 |
| Gave 4th deed of trust | 15, 200. 00 |
| Assumption of miscellaneous charges | 324. 40 |
| Total | 59, 251. 40 |

The fourth trust notes had a market value of 40 per cent of their face value.

### OPINION.

LITTLETON: The petitioners placed in evidence the reports of the Commissioner's field agents for the purpose of showing the total cost, including the cost of additions, of the property upon which the amount of the deductions for exhaustion, wear and tear is in controversy.

Certain witnesses testified that, at the time the machinery was acquired in June, 1918, it had been in use for some time and was in a bad state of repair; that, due to the fact that during the taxable years it was operated twelve hours a day, exhaustion, wear and tear thereof was greater than when operated the usual ten hours a day, and that the ordinary useful life of machinery of this character is eight years.

The evidence is somewhat indefinite as to the period of time the machinery had been in use and as to the additions and replacements made prior to June, 1918, the date on which the entire plant was purchased by Gerst & Long; also as to the extent of the additions and replacements between June, 1918, and December 31, 1921. There is credible evidence, however, showing that the machinery purchased in June, 1918, had been in use for some years and that at that time at least 75 per cent thereof was considerably worn and in a bad state of repair. The petitioners were entitled to a deduction

for exhaustion, wear and tear of the machinery at such a rate as may reasonably be expected to return to them the cost thereof over the period of its useful life in the business. We are convinced from all of the evidence submitted that the deduction for exhaustion, wear and tear of machinery during the taxable years should have been computed at the rate of 12 per cent, instead of 10 per cent, as allowed by the Commissioner.

The petitioners claim that the partnership should have been allowed a deduction for exhaustion, wear and tear of delivery equipment at the rate of 50 per cent per annum, instead of 25 per cent, as allowed by the Commissioner. The evidence before the Board upon this question is not sufficient to sustain the contention made.

It is claimed that the cost of the motor boat should have been exhausted over a period of four years from July, 1920, the date on which it was purchased, upon the ground that its use was discontinued within that time and it was of no further use in the business. The fact that the use of the boat was discontinued within four years after its purchase has no necessary relation to the amount which may be deducted for the physical exhaustion thereof. The Commissioner computed the deduction for exhaustion at the rate of 10 per cent per annum, and we believe his action in this regard should be approved.

On the question of whether the petitioners were correct in reporting the profit upon the sale of the real estate by allocating the percentage of profit to the cash received and the extent to which the trust notes endorsed by the petitioners with recourse were discharged within the year, we are not convinced from the evidence that the Commissioner's determination that the profit upon the sale should have been reported in the year in which the sale was made should be reversed. The petitioners were, of course, secondarily liable upon the trust notes endorsed with recourse. It has not been shown to our satisfaction that the amount of the notes could not have been collected out of the property and from the person or persons primarily liable thereon.

As to the fair market value of the third trust notes totaling $9,800.57, given to Albert Gerst and his associates by E. L. Simpson as part consideration for the 26th and Granby Street property, and the fourth trust notes totaling $15,200, given by D. Pender as part consideration for the 14th and Granby Street property, the evidence satisfactorily shows that the fair market value of these notes was not in excess of 40 per cent of their face value. One of the partners in these transactions testified that the makers of these notes were not financially responsible and that the value of the particular property on which they were given was not sufficient to give these notes a value in excess of 50 per cent of their face amount. He further testi-

fied that during the year 1920 he sought a purchaser for these notes and was offered 25 cents on the dollar, but declined this offer for the reason that he regarded the notes as being worth more than that amount.

> Order of redetermination will be entered on 15 days' notice, under Rule 50.